# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0610V

|  |  |
|---|---|
| STERLING CONLEY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 15, 2025 |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Rochelle Ilana Gillenson, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On April 18, 2024, Sterling Conley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza ("flu") vaccine and a Prevnar 13 vaccine[3] administered on December 1, 2022, he developed Guillain-Barré syndrome ("GBS"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Although Petitioner alleged that he received a Prevnar 13 vaccine on December 1, 2022, his vaccination record documented that he instead received a pneumococcal 20-valent conjugate ("PCV-20") vaccine on that date. Ex. 1 at 1; *see also* Respondent's Amended Rule 4(c) Report (ECF No. 34) at n. 1.

On September 12, 2025, Respondent filed a Rule 4(c) Report in which he **concedes** that Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report (ECF No. 34) at 1-2. Specifically, Respondent agrees that Petitioner has satisfied the criteria set forth in the effective Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford Petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. *Id.* at 13 (citing 42 C.F.R. §§ 100.3(a)(XIV)(D), (c)(15)). Respondent does not concede that the PCV-20 vaccine caused in fact Petitioner's GBS. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master